Ms. Mary Estill Buchanan Colorado Secretary of State State Capitol Building Denver, Colorado 80203
Dear Ms. Buchanan:
QUESTION PRESENTED AND CONCLUSION
You have asked whether petitions for ballot issues circulated by private citizens in counties covered by the bilingual requirements of the federal Voting Right Act Amendments of 1975, Public Law 94-73 (the "Act") must be bilingual.
 Our receipt of the Department of Justice's Proposed Interpretative Guidelines on April 26, 1976 now allow us to respond to your request. It should be noted, however, that these guidelines have not become effective. Therefore, a substantive change in the relevant provisions of the guidelines could necessitate a revision of this opinion. At the present time, it is my opinion that these petitions do not have to be bilingual.
ANALYSIS
The original Act (the Voting Right Act of 1965) is denominated "an Act to enforce the Fifteenth Amendment to the Constitution of the United States." The Fifteenth Amendment declares that the right to vote shall not be abridged on account of race and that Congress has the power to enforce this guarantee by appropriate legislation. This enforcement power under the Fifteenth Amendment extends not only to "state action" but to private action as well, Terry v. Adams, 345 U.S. 461 (1953);Note, The Strange Career of "State Action" under the Fifteenth Amendment, 74 Yale L.J. 1448 (1964-65). Indeed, Congress exercised its power to reach private acts in the original Act. For example, section 11 of the Act reads as follows:
 (b) No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote, or intimidate, threaten, or coerce any person for exercising any powers or duties under section 3(a), 6, 8, 9, 10 or 12(e).
(Emphasis supplied.)
Thus, it is clear that section 11(b) applies not only to the conduct of state officials acting under color of law but to the conduct of private persons as well.
An examination of the statutory language of the 1975 amendments to the Act shows that Congress intends to cover only state action. The acts of private persons are not reached. The requirements with which we are concerned are found in section 203(c) of the Act, which provides as follows:
 Whenever any state or political subdivision subject to the prohibition of subsection (b) of this section provides any registration or voting notices, forms, instructions, assistance or other materials or information relating to the electoral process, including ballots, it shall provide them in the language of the applicable minority group as well as in the English language: . . . .
(Emphasis supplied.)
The Guidelines promulgated by the Department of Justice to implement section 203(c) of the Act, Proposed Interpretative Guidelines on the Implementation of the Provisions of the Voting Rights Act Regarding Language Minority Groups, 41 Fed. Reg., No. 78, p. 16774 et seq. (April 21, 1976) do not cover actions by private citizens. The provision is section 55.19 which reads as follows:
Section 55.19 Written materials.
 (a) Types of materials. It is the obligation of the jurisdiction to decide what materials must be provided in a minority language. A jurisdiction required to provide minority language materials is only required to publish in the language of the applicable language minority group materials distributed to or provided for the use of the electorate generally. Such materials include, for example, ballots, sample ballots, informational materials, and petitions.
 (b) Accuracy, completeness. It is essential that material provided in the language of a language minority group be clear, complete and accurate. In examining whether a jurisdiction has achieved compliance with this requirement, the Attorney General will consider whether the jurisdiction has consulted with members of the applicable language minority group with respect to the translation of materials.
 (c) Ballots. The Attorney General will consider whether a jurisdiction provides the English and minority language versions on the same document. Lack of such bilingual preparation of ballots may give rise to the possibility, or to the appearance, that the secrecy of the ballot will be lost if a separate minority language ballot or voting machine is used.
(Emphasis supplied.)
It is clear that both the statute and the interpretative guideline are directed at conduct of the state or political subdivision. The word "person" does not appear in section 203(c) or in Guideline section 55.19 as it does in section 11 of the Act. Although Congress may have the power under the Fifteenth Amendment to require citizen circulated petitions to be bilingual, it clearly did not exercise that power in the Act. Thus, when a jurisdiction distributes or provides material for the electorate generally, that material must be bilingual. The inclusion of the word "petition" in section 55.19 must be understood in this context. Certain jurisdictions provide and distribute all petitions to the general electorate.
This jurisdiction does not distribute the material at all, much less distribute it to the entire electorate. The power to initiate legislation is one reserved by the people, art. V, section 1, Colorado constitution. The powers which public officials exercise in the initiative procedure are mainly ministerial, see C.R.S. 1973, 1-40-101(2), 1-40-101(3), 1-40-106, and 1-40-107. For example, under C.R.S. 1973, 1-40-114, the secretary of state is commanded to publish the title and text of each initiated measure in the state's legal newspapers. C.R.S. 1973, 1-40-101(1) requires that the original drafts of all petitions be submitted to the attorney general. Within three weeks of such submission, the attorney general shall discuss any problems he encounters concerning the form or contents of the petition with the proponents of the initiative petitions.The proponents are free to entirely disregard hiscomments. The state does not print any forms that are used in the initiative process. Petitions are circulated by private citizens; if the requisite number of signatures are obtained, the secretary of state certifies the initiative to the various county clerks and recorders for placement on the ballot. Clearly, the Colorado initiative process is run by private citizens, with only minimal state participation.
To require citizen circulated petitions to be bilingual would lead to the conclusion that all informational material in any way relating to the electoral process, such as party literature, and campaign pamphlets, must also be bilingual. I feel there is no requirement in the Voting Rights Act mandating such a conclusion. The Attorney General of Arizona has reached the same result, Attorney General Opinion 76-1(R-1-30).
You have informed us that when publishing a copy of the title and text of the initiated measure, pursuant to C.R.S. 1973, 1-40-114, you will have the measure printed in both English and Spanish. Additionally, the thirty-four counties covered by the Act will print initiated matters on the ballot in both English and Spanish. You have further informed us that you will accept petitions in Spanish. As a practical matter, therefore, it is difficult to see whose rights are being infringed upon by the lack of a bilingual petition at the signature stage. There is no right to vote against a petition being put on the ballot. It seems that circulators of petitions would have every incentive to provide Spanish language material if requested to do so by those who cannot read English.
SUMMARY
Federal law does not require individual citizens to circulate bilingual petitions. The state must provide any election material it controls in bilingual form, including the text of measures initiated by petition.
Very truly yours,
 J.D. MacFARLANE Attorney General
ELECTIONS PETITIONS
SECRETARY OF STATE DEPT. Elections, Div. of
Federal law does not require individual citizens to circulate bilingual petitions. The state must provide any election material it controls in bilingual form, including the text of measures initiated by petition.